```
                                                    FILED        LODGED
                                                    RECEIVED     COPY

                                                    MAR 0 8 2010

                                                  CLERK U S DISTRICT COURT
                                                   DISTRICT OF ARIZONA
                                                  BY                DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **UNDERDOG TRUCKING, L.L.C.** | * CIVIL ACTION |
| **REGGIE ANDERS** | * CIV '10 0521 PHX  LOA |
| **Plaintiffs** | * CASE NO: |
| versus | * |
| **ARIZONA FEDERAL CREDIT UNION** | * SECTION: " " |
| **WESTERN INTERNATIONAL** | * |
| **DOES 1 through 20** | * |
| **ABC INSURANCE COMPANY** | * MAGISTRATE: " " |
| **DEF INSURANCE COMPANY and** | * |
| **XYZ INSURANCE COMPANY** | * |
| **Defendants** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Underdog Trucking, LLC and Reggie Anders, who in bringing this petition for damages against Arizona Federal Credit Union and its repossession agent, Western International Recovery respectfully avers as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 (Federal Question Jurisdiction) and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction) for pendent state law claims.

2. This action arises out of Defendants' violations of the Federal Debt Collection Practices Act, as amended, 1692 U.S.C. § 1692 *et. seq.* (hereinafter also referred simply as "of FDCPA"), and various ancillary state actions and pendent claims including claims for invasion Plaintiffs' personal privacy by the defendants in their illegal attempt to collect a consumer debt and Libel and Slander.

3. Jurisdiction of the subject matter is proper pursuant to the FDCPA

4. Venue is proper in this Court as the contract which is the cause of this litigation was executed in the DISTRICT OF ARIZONA and the acts complained of took place in the DISTRICT OF ARIZONA.

1

5. Additionally, Defendant Arizona Federal, on belief and information, has its corporate offices and principal place of business in the DISTRICT OF ARIZONA.

## PARTIES

6. Plaintiffs herein (hereinafter also collectively referred to as "Plaintiffs") are:

A. Underdog Trucking, LLC (hereinafter also referred to "Underdog Trucking" or "Underdog Trucking" or "UT"), a Limited Liability Company organized under the laws of the State of Louisiana, licensed to do business and doing business in the State of Louisiana, and having in principal place of business in Orleans Parish, State of Louisiana.

B. Reggie Anders (hereinafter also referred to "Anders"), a natural person of the full age of majority, and having his principal place of residence in Orleans Parish, State of Louisiana and the owner of Underdog Trucking.

7. Made Defendants herein (hereinafter also collectively referred to as "Defendants") are the following:

A. ARIZONA FEDERAL CREDIT UNION (hereinafter also referred to "ARIZONA FEDERAL"), on information and belief, a corporation incorporated under the laws of the State of Delaware, licensed to do business and doing business in DISTRICT OF ARIZONA. ARIZONA FEDERAL is a citizen of Arizona.

B. WESTERN INTERNATIONAL RECOVERY (hereinafter also referred to "WESTERN INTERNATIONAL RECOVERY" or "ARIZONA FEDERAL"), on information and belief, a corporation incorporated under the laws the state of Arizona, licensed to do business and doing business in DISTRICT OF ARIZONA. WESTERN INTERNATIONAL RECOVERY is a citizen of the Arizona.

C. JANE DOE (hereinafter also referred to "Jane Doe"), a person of the full age of majority and

having her principal place of residence in Phoenix, State of Arizona. On belief and information, at all relevant times, Jane Doe was an employee and agent of ARIZONA FEDERAL. Jane Doe issued in her capacity as employee and agent of ARIZONA FEDERAL as well as in her individual capacity for her *ultra vires* acts, and other non-corporate acts as many of her actions, on belief and information, were not sanctioned by ARIZONA FEDERAL or ARIZONA FEDERAL's board of directors. Jane Doe is a natural person employed by Defendant ARIZONA FEDERAL as a Collection Manager at all times relevant.

D.  JOHN DOE (hereinafter also referred to "John Doe"), a person of the full age of majority and having his principal place of residence in Phoenix, State of Arizona. On belief and information, at all relevant times, John Doe was an employee and agent of ARIZONA FEDERAL and of Western International Recovery. John Doe issued in his capacity as employee and agent of ARIZONA FEDERAL as well as in his individual capacity for his *ultra vires* acts, and other non-corporate acts as many of his actions, on belief and information, were not sanctioned by ARIZONA FEDERAL or ARIZONA FEDERAL's board of directors. John Doe is a natural person employed by Defendant ARIZONA FEDERAL as collection agent at all times relevant.

E.  Does 1 through 10. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as Does 1 through 10 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this complaint to show their true names and capacities when the same have been ascertained.

F.  ABC INSURANCE COMPANY, on information and belief, a Arizona or foreign insurance company licensed to do business and doing business in this district, in the city of Phoenix, State of Arizona and contracted to provide insurance coverage to Defendant Arizona Federal and its officers,

directors, employees, and agents, including the individual defendants (in their capacity as an employee, and/or agent of Arizona Federal), on information and belief, and at all relevant times provided coverage to cover the damages caused by Defendants in the instant matter, including but not limited to the damages caused by the Defendants to Plaintiffs.

G. DEF INSURANCE COMPANY, on information and belief, an Arizona or foreign insurance company licensed to do business and doing business in the city of Phoenix, State of Arizona, and contracted to provide insurance coverage to Jane Doe in her individual capacity, and on information and belief, provided coverage to covers the damages caused by Defendant Jane Doe in the instant matter, including but not limited to the damages caused by the Jane Doe's *ultra vires* acts, and other non-corporate acts.

H. XYZ INSURANCE COMPANY, on information and belief, an Arizona or foreign insurance company licensed to do business and doing business in the city of Phoenix, State of Arizona, and contracted to provide insurance coverage to John Doe in his individual capacity, and on information and belief, provided coverage to covers the damages caused by Defendant John Doe in the instant matter, including but not limited to the damages caused by the Jane Doe's *ultra vires* acts, and other non-corporate acts.

**FACTUAL BACKGROUND**

8. Reggie Anders entered into a contract with ARIZONA FEDERAL on or about August 2005, for the finance of various vehicles, the date the contract was executed by ARIZONA FEDERAL (the "Contract" or "Agreement").

9. Under the agreement, Underdog and Anders financed multiple vehicles under the Contract

with ARIZONA FEDERAL.

10. Specifically, Underdog and Anders financed the following vehicles: a 2005 Corvette, a 2006 Chaparral and a 2002 Kenworth under Contract.

11. However, before the Contract's termination, several ARIZONA FEDERAL employees, with or without consent, engaged in a pattern of behavior that not only resulted in ARIZONA FEDERAL's breach of the contract but also amount to bad faith breach, violation of the Fair Debt Collection Practices Act.

12. Part of ARIZONA FEDERAL's Breach of Contract and violation of the FDCPA included the hiring of Western International Recovery, Jane Doe and John Doe to repossess the said vehicle.

13. Further, Defendants sought collection of the debt owed under the contract without any regard to the FDCPA.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT**

**(Against All Defendants)**

14. The allegation of paragraphs 1 through 13 are incorporated herein by reference and repleaded herein.

15. Plaintiff Reggie Anders is natural persons and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant ARIZONA FEDERAL is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. Defendant Western International Recovery is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. Defendant Jane Doe is a natural person employed by Defendant ARIZONA FEDERAL as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. Defendant John Doe is a natural person employed by Defendant Western International Recovery as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. On or around August 15, 2005, Plaintiff Anders incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a loan in the approximate amount of $50,016.65, which was used to purchase and finance a Corvette.

21. Sometime after, the alleged debts were placed into Jane Doe, John Doe and Western International Recovery's hands by Defendants for collection from Plaintiffs.

22. Starting in January 2009 and continuing to the present, Defendants contacted Plaintiffs, in an attempt to collect the debts from Plaintiffs, all of which attempts, and each of them, was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23. The conduct of Defendants in harassing Plaintiffs in an effort to collect the debts by repeatedly sending Plaintiffs threatening letters, engaging Plaintiffs in phone calls and verbally abusing Plaintiffs was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

24. The conduct of Defendants DJR and Rhodes in seizing the Plaintiffs vehicles without adequate notice or the consent of Plaintiffs was a violation of numerous and multiple provisions of the FDCPA.

25. Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home and workplace.

26. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from DJR and Rhodes, as well as from each and every Defendant involved herein.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

### (Against ALL Defendants)

28. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

29. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs.

30. Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiffs' right to privacy.

31. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

32. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III

### VIOLATION OF THE GRAMM-LEACH-BLILEY ACT

### (Against all Defendants)

34. Plaintiffs incorporate by reference and realleges each and every allegation contained above, as though fully set forth herein.

35. By their actions alleged herein, the Defendants, either directly or through aiding and abetting, violated the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et. seq.*

36. As a direct and proximate result of the Defendants' violation of Gramm-Leach-Bliley alleged herein, Plaintiffs have sustained and will continue to sustain significant damages in a sum currently unascertainable.

37. As a result of the misconduct and breaches of Gramm-Leach-Bliley alleged herein, the Defendants are liable to Plaintiffs.

38. Neither the whole nor part of this sum has been paid, although demand therefore has been made before the filing of this Complaint and by this Complaint.

39. Consequently, there is now due and owing, and unpaid, a sum in an amount not yet ascertained, with interest judicial interest thereon as set by law.

## COUNT IV

## LIBEL AND SLANDER

**(Against Defendants Arizona Federal, Jane Doe and John Doe for Libel and Slander)**

40. Plaintiffs hereby incorporate by reference all of the paragraphs of the General Allegations as though fully set forth herein.

41. Plaintiffs are informed and believe, and thereon allege that during and at all times relevant herein, Defendant Arizona Federal, Jane Doe, John Doe and Does 1 to Does 10 uttered and published false and defamatory statements concerning Plaintiffs, which were reasonably understood by those who hearing same as referring to Plaintiffs UT and Anders.

42. Among other things, Defendants falsely represented that plaintiffs were deadbeats who did not pay their bills.

43. Jane Doe and John Doe also falsely represented that defendants were delinquent and in breach of their contractual obligations to Arizona Federal.

44. Plaintiff is informed and believe, and thereon allege that this and similar false and defamatory statements were made by Defendants with the intent of conveying the false and defamatory idea that Plaintiffs were delinquent in their contractual obligations, persons who could not be trusted to perform their obligations, persons who breached their obligations, and propagating a deliberate falsehood when they represented that UT was incompliance with its agreement with Arizona Federal.

45. The words uttered by Defendants were slanderous *per se* because they made false statements regarding Plaintiffs' reputation, and by innuendo by impliedly accused Plaintiffs of lying, committing the crime of fraud, lying, breaching their agreements and other immoral acts.

46. The words were understood by those who heard them in a way which defamed Plaintiffs because the words were intended to slander Plaintiffs' reputation in an attempt to make the public to believe that Plaintiff's words cannot be relied on as Plaintiffs were unsavory characters.

47. Defendants caused Plaintiffs to suffer substantial damages as set forth herein.

48. As a direct proximate result of the above-described words, Plaintiffs have suffered damages.

49. Plaintiffs have suffered loss of their reputation, shame, mortification, emotional distress, and injury to their feelings, while suffering and continuing to suffer general and special damages as set forth herein.

50. The above-described words were spoken by Defendants because of their feelings of hatred and ill will toward the Plaintiffs and with a desire to oppress and silence Plaintiffs, and thus entitling Plaintiffs to an award of exemplary and punitive damages in an amount according to law.

51. As more fully set forth above, Defendants made defamatory statements about Plaintiffs which were untrue, and disparaged, and therefore damaged the reputation of Plaintiffs and caused them other damages. The defamatory language was clear and reasonably capable of only one meaning. The defamatory language was for no purpose other than to injure Defendants' reputation, expose them to public hatred, contempt or ridicule, impeach their honesty, integrity, virtue or reputation and to cause them harm.

52. In reaction to the defamatory statements by Defendants, and the individual Plaintiff Anders has been emotionally devastated and suffered anxiety, worry, sleeplessness and other physical manifestations of emotional distress.

53. Defendants' statements were not privileged in any way.

54. As a direct and proximate result of Defendants' defamatory statements, Plaintiffs have been damaged and such damages were proximately caused by Defendants' libel.

55. Further, Defendants' malicious and intentional acts against Plaintiff impose liability for punitive damages as they were performed with malice and with knowledge of the actual truth.

56. As a direct and proximate result of Defendants' acts, and the conduct alleged above, Plaintiffs have suffered, and continues to suffer general and special damages in an amount to be determined according to proof at time of trial, which Plaintiffs are informed, believe and thereon alleges is in excess of the sum of $1,000,000.00.

57. As a further direct and proximate result of Defendants, and each of their conduct alleged above, Plaintiffs are required to expend their time and energy to gather facts, seeking and conferring with legal counsel, and filing a legal action to redress said Defendants' conduct, all to Plaintiffs' detriment in a sum to be proved at the time of trial.

58. As a direct and proximate result of the conduct of Defendants, Plaintiffs were required to retain legal counsel and incur legal costs and reasonable attorneys' fees, all to Plaintiffs' detriment, in a sum to be proved at the time of trial.

59. As a proximate result of the negligence of Defendants, and the Defendants' defamation of Plaintiffs, Plaintiffs have suffered loss of their reputation, shame, mortification, emotional distress, and injury to his feelings, in a sum according to proof at the time of trial.

60. In doing the acts herein alleged, Defendant has acted with fraud, malice, and oppression, entitling Plaintiff to punitive damages in an amount according to law.

## COUNT V

## ACCOUNTING

**(Against Arizona Federal for Accounting)**

61. The allegation of paragraphs 1 through 152 are incorporated herein by reference and repleaded herein.

62. Plaintiffs, on information and belief, have overpaid on the debts complained of herein.

63. Despite repeated demand from Underdog Trucking, LLC, Arizona Federal Credit Union has refused to provide plaintiffs with an accounting.

64. An accounting is required in order for Plaintiffs to know how money is owed it from ARIZONA FEDERAL under the contract.

65. Plaintiffs desires and asks this court for an order requiring ARIZONA FEDERAL to account for all payments received and all amounts possibly due to plaintiffs.

## COUNT VI

## PUNITIVE DAMAGES

**(Against Arizona Federal for Punitive Damages)**

66. The allegation of paragraphs 1 through 67 are incorporated herein be reference and repleaded herein.

67. In refusing to honor its contractual obligations, ARIZONA FEDERAL and its employees and agents, including Western International Recovery, Jane Doe and John Doe, acted callously and with wanton disregard of Plaintiffs' rights.

68. Defendants ARIZONA FEDERAL, Western International Recovery, Jane Doe and John Doe acted as a bully in all their dealings with UT and Anders, on belief and information, with the intention to suppress a helpless and powerless small business.

69. On belief and information, Defendants are well aware of the significant consequences of their actions and their disparate impact on Underdog Trucking.

70. As a result of Defendants' actions, Defendants have exhibited the kind of wanton disregard that mandates punitive damages.

71. As a result of defendants' callous acts and wanton disregard, Underdog Trucking and Anders are entitled to punitive damages as well as any other appropriate damages.

## COUNT VII

## ATTORNEY FEES AND COURT COSTS

### (Against Arizona Federal for Attorney's Fees and Court Costs)

72. The contract between ARIZONA FEDERAL and Plaintiffs provides for attorneys' fees and court costs by virtue of the FDCPA.

73. Further Plaintiffs may be entitled to Attorney's fees and court cost as a result of Plaintiffs' other causes.

74. Petitioners desire and hereby request attorney's fees and court costs.

WHEREFORE, petitioners pray that defendants be served with a copy of this petition and be duly cited to appear and answer same, and that after due proceeds had, there be judgment herein in favor of Plaintiffs, Underdog Trucking, LLC and Reggie Anders, and against, defendants ARIZONA FEDERAL, Western International Recovery, Jane Doe, John Doe, Does 1 through Does 10, ABC Insurance, DEF Insurance and XYZ Insurance, for damages that are reasonable in the premises, together with interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

PETITIONERS ALSO PRAY for all attorney's fees and court costs that can be afforded them under the FDCPA and from the causes of action herein, under the laws of the State of Arizona and of the United States.

PETITIONERS FURTHER PRAY for all general and equitable relief that can be afforded them under the laws of the State of Arizona as well as and Federal law.

PETITIONERS FINALLY PRAY judicial interest from the date of demand.

Respectfully Submitted

Reggie Anders
Pro Se
4101 E Olive Ave
Gilbert, Arizona 85234
Tel:(480)510-6438
Fax:(480)926-5406