**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Underdog Trucking, LLC and Reggie Anders, | No. CV-10-521-PHX-LOA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Arizona Federal Credit Union; Western International, | |
| Defendants. | |

This matter arises on the Motion of Defendant Arizona Federal Credit Union ("AZFCU") to Dismiss Claims by Underdog Trucking, LLC for Failure to State a Claim and Motion to Dismiss Count One. (docket # 5) The undersigned Magistrate Judge has jurisdiction over these motions because all parties have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (docket ## 11, 17, 19) As discussed below, these motions are easily resolved because AZFCU has withdrawn its Motion to Dismiss Claims against Underdog Trucking, and Plaintiffs stipulate to granting AZFCU's Motion to Dismiss Count One.

On March 8, 2010, Plaintiffs filed suit, invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 over their state law claims. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*, and assert several state law claims. (docket # 1) The Complaint was filed by Reggie Anders

1 ("Anders") who purported to represent himself and Underdog Trucking, LLC ("Underdog").

2 Because Anders did not appear to be a lawyer licensed to practice law in the State or

3 District of Arizona, on March 11, 2010, the Court directed Plaintiff Underdog to retain a

4 properly licensed lawyer to file an Amended Complaint, or authorized Plaintiff Anders to

5 file an Amended Complaint, asserting claims only on his behalf. (docket # 4)

6       On March 29, 2010, AZFCU filed the pending Motion to Dismiss Claims by

7 Underdog Trucking, LLC for Failure to State a Claim and Motion to Dismiss Count One.

8 (docket # 5)   Apparently prompted by the Court's March 11, 2010 Order, AZFCU moved to

9 dismiss the claims brought by Underdog because it is a legal entity and cannot represent

10 itself in a legal action nor can its member, Reggie Anders. (*Id.*) (citing *Boydstone v. Strole*

11 *Development Co.*, 193 Ariz. 47, 49, 969 P.2d 653, 655 (Ariz. 1998)).   Defendant AZFCU

12 also moved to dismiss Count One of the Complaint because AZFCU is a not a "debt

13 collector" for purposes of the FDCPA and, therefore, the FDCPA does not apply to AZFCU.

14 (docket # 5)

15       In response to the March 11, 2010 Order, on April 9, 2010, Plaintiffs Underdog

16 and Anders, represented by counsel Emilie Bell, filed an Amended Complaint.[1] (docket #

17 14)   Because AZFCU's Motion to Dismiss was filed before the Amended Complaint, the

18 Court directed AZFCU to clarify whether the Amended Complaint had rendered any of the

19 asserted grounds for dismissal moot. (docket # 21)   In response to the Court's Order, on

20 May 4, 2010, AZFCU filed a Notice of Withdrawal of its Motion to Dismiss Claims by

21 Underdog Trucking, LLC for failure to state a claim. (docket # 23)   In view of AZFCU's

22 Notice of Withdrawal, the Court will direct the Clerk of Court to terminate AZFCU's

23 Motion to Dismiss Claims by Underdog Trucking for Failure to State a Claim. (docket # 5)

24

25

26      [1] Plaintiffs filed two copies of the Amended Complaint which appear at docket # 14 and # 15. It is unclear why Plaintiffs filed duplicates of the Amended Complaint. The Court will rely on the Amended Complaint at docket # 14 and, to avoid confusion, will direct the Clerk of

27 Court to strike the duplicate Amended Complaint, docket # 15. *See* Fed.R.Civ.P. 12(f)(1)

28 (authorizing the Court, "on its own," to strike any "redundant" matter.")

In the May 4, 2010 Notice, AZFCU also advised the Court that it was not withdrawing its "Motion to Dismiss Count One." (docket # 23)  Thereafter, on May 12, 2010, Plaintiffs filed a Response to Arizona Federal Credit Union's Motion to Dismiss Count One. (dockets ## 27, 28[2])  In their response, Plaintiffs "stipulate" to granting AZFCU's Motion to Dismiss Count One. (*Id*.)  AZFCU has not replied to Plaintiffs' stipulation.  In view of Plaintiffs' unopposed stipulation to granting AZFCU's Motion to Dismiss Count One, the Court will grant AZFCU's Motion to Dismiss Count One.

In accordance with the foregoing,

**IT IS ORDERED** that, in view of AZFCU's notice of withdrawal, docket # 23, the Clerk of Court shall terminate Defendant AZFCU's Motion to Dismiss Claims by Underdog Trucking, LLC for Failure to State a Claim. (docket # 5)

**IT IS FURTHER ORDERED** that, in view of Plaintiffs' stipulation (docket ## 27, 28), Defendant AZFCU's Motion to Dismiss Count One, docket # 5, is **GRANTED** and that Plaintiffs' allegations against AZFCU in Count One of the First Amended Complaint, docket # 14, are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall Strike Plaintiffs' First Amended Complaint, which appears at docket # 15, as duplicative.

DATED this 21st day of May, 2010.

Lawrence O. Anderson
United States Magistrate Judge

---

[2] Docket # 27 is Plaintiffs' Response to Arizona Federal Credit Union's Motion to Dismiss Count One.  Docket # 28 is a duplicate of that response.