**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Underdog Trucking, LLC and Reggie Anders,<br><br>    Plaintiffs,<br><br>vs.<br><br>Arizona Federal Credit Union; Western International,<br><br>    Defendants. | No. CV-10-521-PHX-LOA<br><br>**ORDER** |

This matter arises on the Motions to Dismiss filed by Defendant Western International Recovery Bureau ("Western"). (docket # 8) Western moves to (1) dismiss the claims brought by Underdog Trucking, LLC ("Underdog") because Underdog is a legal entity and cannot represent itself in this legal action; and (2) dismiss Count One because Western is not a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA"). (docket # 8) The undersigned has jurisdiction over this matter because all parties have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (docket ## 11, 17, 19)

As discussed below, Western has withdrawn its Motion to Dismiss Claims by Underdog. (docket 24) Accordingly, the Clerk will be directed to terminate that motion. Additionally, the Court will deny Western's Motion to Dismiss the FDCPA allegations asserted against Western in Count One of the First Amended Complaint.

## I. Background

On March 8, 2010, Plaintiffs filed suit invoking this District Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over their state law claims. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*, and assert several state law claims. The Complaint was filed by Reggie Anders ("Anders") who purported to represent himself and Underdog Trucking, LLC. Because Anders did not appear to be a lawyer licensed to practice law in the State or District of Arizona, on March 11, 2010, the Court directed Plaintiff Underdog to retain a properly licensed lawyer to file an Amended Complaint or permitted Plaintiff Anders to file an Amended Complaint, asserting claims only on his behalf. (docket # 4)

On March 30, 2010, Western filed the pending Motions to Dismiss. (docket # 8) Apparently prompted by the Court's March 11, 2010 Order, Western moved to dismiss the claims brought by Underdog because it is a legal entity and cannot represent itself in a legal action nor can it be represented by its non-lawyer member, Reggie Anders. (docket # 8 at 10) Defendant Western also moved to dismiss Count One of the Complaint because Western is a not a "debt collector" for purposes of the FDCPA and, therefore, the FDCPA does not apply to Western. (docket # 8 at 11)

In response to the March 11, 2010 Order, on April 9, 2010, Plaintiffs Underdog and Anders, represented by counsel Emilie Bell, filed an Amended Complaint.[1] (docket # 14) Because Western's Motion to Dismiss was filed before the Amended Complaint, the Court directed Western to clarify whether the Amended Complaint had rendered any of the asserted grounds for dismissal moot. (docket # 21) In response to the Court's Order, on

---

[1] Plaintiffs filed two copies of the Amended Complaint which appear at docket # 14 and # 15. It is unclear why Plaintiffs filed duplicates of the Amended Complaint. The Court will rely on the Amended Complaint at docket # 14 and, to avoid confusion, will direct the Clerk of Court to strike the duplicate Amended Complaint, docket # 15. *See* Fed.R.Civ.P. 12(f)(1) (authorizing the Court, "on its own," to strike any "redundant" matter.")

May 4, 2010, Western filed a Notice of Withdrawal of Motion to Dismiss Claims by Underdog for failure to state a claim. (docket # 24) In view of Western's Notice of Withdrawal, the Court will direct the Clerk of Court to terminate Western's Motion to Dismiss Claims by Underdog Trucking for Failure to State a Claim. (docket # 8)

In the May 4, 2010 Notice, Western also advised the Court that its Motion to Dismiss Count One of the Complaint remains in effect. (docket # 24) Accordingly, the Court will consider the merits of Western's Motion to Dismiss Count One which is fully briefed. (docket ## 8, 29-30,[2] 31)

**II. Analysis of Motion to Dismiss Count One**

Pursuant to Fed.R.Civ.P. 12(b)(6), FED.R.CIV.P., Western seeks dismissal of Count One of the First Amended Complaint on the ground that Western is not a debt collector as those terms are defined in the FDCPA and, therefore, the FDCPA does not apply to Western. (docket # 8 at 11) Plaintiffs oppose Western's motion.

In Count One of the First Amended Complaint, Plaintiffs allege that, in August 2005, Anders entered into an agreement with Defendant Arizona Federal Credit Union ("AZFCU") to finance several vehicles (the "Agreement"). (docket # 14 ¶ 8) Specifically, Plaintiffs allege that Underdog and Anders financed the following vehicles: a 2005 Corvette, a 2006 Chaparral, and a 2002 Kenworth. (docket # 14 ¶ 10) Plaintiffs further allege that the financial obligation Anders incurred was primarily for personal, family or household purposes and, therefore, is a "debt" as defined by 15 U.S.C. § 1692a(5). (docket # 14, ¶¶ 8-9, 20)

Plaintiffs allege that AZFCU retained Western to collect the alleged debt arising from the Agreement. Plaintiffs allege that Western is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Plaintiffs allege that, beginning in January 2009 and continuing to the present, Western communicated with Plaintiffs in an attempt to collect the debt as defined in

---

[2] Docket # 29 is Plaintiffs' Response in Opposition to Western International Recovery Bureau's Motion to Dismiss Count One. Docket # 30 is a duplicate of Plaintiffs' Response.

- 3 -

15 U.S.C. § 1692a(2). (docket # 14, ¶ 22) Plaintiffs allege that Western harassed them by repeatedly sending threatening letters, telephoning Plaintiffs, and verbally abusing Plaintiffs in violation of numerous provision of the FDCPA. (*Id*. at ¶ 23) Western allegedly eventually repossessed Plaintiffs' vehicles without sufficient notice or Plaintiffs' consent in violation of the FDCPA. (*Id*. at ¶ 24)

Defendant Western moves to Dismiss Plaintiffs' allegations in Count One that Defendant Western violated numerous provision of the FDCPA. (docket # 8 at 11) In opposition, Plaintiffs contend that Western's three-sentence motion, docket # 8 at 11, consists of a conclusory statement that Western is not a debt collector as defined by the FDCPA and does not contain any facts to dispute those pled in the First Amended Complaint. (docket # 29) Plaintiffs argue that, in view of the standard governing motions to dismiss which requires a district court to accept factual allegations as true, this Court must deny Western's motion. The Court agrees.

A motion to dismiss pursuant to Rule 12(b)(6), FED.R.CIV.P., tests the sufficiency of a complaint. The first step in testing the sufficiency of a complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Although a district court must accept well-pleaded factual allegations of a complaint as true for purposes of a motion to dismiss, a district court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

After assuming the veracity of all well-pleaded factual allegations, a district court must next determine whether a complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570) (rejecting the

traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. 556).

Plaintiff alleges violations of the FDCPA which was enacted in 1977 "'to eliminate abusive practices, not disadvantage ethical debt collections, and promote consistent state action.'" *Bieber v. Associated Collection Services, Inc.*, 631 F.Supp. 1410, 1414 (D.Kan. 1986) (quoting S.Rep. No. 382, 95th Cong., 1st Sess. 7, U.S. Code Congressional and Administrative News 1977, pp. 1695, 1701)); 15 U.S.C. § 1692(e). "[T]he Ninth Circuit has held that the statute is to be liberally construed as to protect the "least sophisticated debtor.'" *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763, * 2 (S.D.Cal. 2010) (quoting *Clark v. Capital Credit & Collection, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006)). To achieve its purpose, the FDCPA prohibits a "debt collector" from making false or misleading representations and from engaging in various abusive and unfair practices. For example, the FDCPA provides that a "debt collector" may not use violence, obscenity, or make repeated annoying phone calls, 15 U.S.C. § 1692d; that it may not falsely represent "the character, amount, or legal status of any debt" 15 U.S.C. § 1692e(2)(A); and that it may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

To be held liable under the FDCPA, a defendant must fit within the FDCPA's definition of "debt collector." 15 U.S.C. § 1692k; *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (stating that the FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices.") (citing 15 U.S.C. § 1692-1692o)); *see also*, *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998) (discussing the definition of "debt collectors" under the FDCPA); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (stating

- 5 -

that a "'creditor' is not a 'debt collector' under the FDCPA" and thus not liable under this statute) (internal citations omitted).

A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or alternatively, a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Western baldly asserts that it is not a debt collector for purposes of the FDCPA because it "enforce[s] security interests." (docket # 31 at 2) Western, however, neither discusses the definition of debt collector nor explains why Western does not fit within that definition. Western provides no facts in support of its position that it is not a debt collector or in support of its position that it "enforce[s] security interests."

Plaintiff Anders alleges that he entered into an agreement with Arizona Federal Credit Union ("AZFCU") for the financing of several vehicles (the "Agreement"). He further alleges that AZFCU retained Western to collect on an alleged debt arising from the Agreement by repossessing the vehicles and that Western repossessed the vehicles. Assuming the veracity of all well-pleaded factual allegations, as the Court must on a motion to dismiss, the Court finds that the First Amended Complaint survives Western's Motion to Dismiss Count One. At this early stage of these proceedings, Plaintiffs have sufficiently pled that Western is a debt collector for purposes of the FDCPA.

Accordingly,

**IT IS ORDERED** that, in view of Western's Notice of Withdrawal, docket # 24, the Clerk of the Court shall terminate Defendant Western's Motion to Dismiss Claims by Underdog Trucking, LLC for Failure to State a Claim. (docket # 8 at 10-11)

**IT IS FURTHER ORDERED** that Defendant Western's Motion to Dismiss Count One, docket # 8 at 11, is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk is kindly directed to provide copies of this Order to (1) Edward B. Mendy, Esq., Mendy & Beekman, One Liberty Center, Suite 3600, Philadelphia, PA 19102, (267) 675-7100; and (2) Plaintiff Reggie Anders' last

1 | known address: 4101 E. Olive Ave., Gilbert, Arizona, 85234. (docket # 1 at 13)

Dated this 27th day of May, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge