**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Underdog Trucking, LLC and Reggie Anders,<br><br>           Plaintiffs,<br><br>vs.<br><br>Arizona Federal Credit Union; Western International,<br><br>           Defendants. | No. CV-10-0521-PHX-LOA<br><br>**ORDER AND<br>ORDER TO SHOW CAUSE** |

        This case arises on the Court's review of defense counsels' Status Report, doc. 39, and the docket as a whole. Defendants' Status Report informs the Court that their counsels' attempts to communicate with Plaintiffs' attorney contact identified in former counsel's motion to withdraw were unsuccessful and that neither Plaintiff Reggie Anders nor a new attorney purportedly representing Plaintiffs participated in the Rule 26(f) case management conference. (*Id.*)

        On March 8, 2010, Reggie Anders, a non-lawyer, intending to represent himself and Plaintiff Underdog Trucking, L.L.C., a Louisiana limited liability company, filed a Complaint, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"); the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq*., and asserting several state law claims. (Doc. 1) In a March 11, 2010 order, the Court informed Anders that the District Court of Arizona follows Arizona law regarding the practice of law and Arizona does not permit non-lawyers to practice law on behalf of other individuals, corporations, or

1   limited liability companies, citing federal and Arizona law. (Doc. 4 at 3) Plaintiff Underdog
2   Trucking, L.L.C. was allowed a reasonable opportunity to retain a lawyer, appropriately
3   licensed to practice law in Arizona and admitted to practice in this District Court, to file an
4   Amended Complaint and represent Plaintiff Underdog Trucking, L.L.C. in this case or the
5   Complaint may be dismissed. (*Id.* at 4)

      On April 9, 2010, attorney Emilie Bell entered notices of appearance for both Plaintiffs and filed a First Amended Complaint. (Docs. 12-14) Defendant Western International Recovery Bureau moved to dismiss, *inter alia*, Count One because Western is allegedly not a "debt collector" for purposes of the FDCPA. (Doc. 8) On May 27, 2010, the Court denied Western's Motion. (Doc. 36)

      On May 25, 2010, the Court granted attorney Bell's withdrawal motions and entered orders withdrawing attorney Emilie Bell and the law firm of Bell Law PLC as counsel of record for Plaintiffs Underdog Trucking, LLC and Reggie Anders. (Doc. 35) Plaintiffs Underdog Trucking, LLC and Reggie Anders were ordered to *promptly* retain new counsel so that no unreasonable delay occurs in this litigation. (*Id.*) (emphasis added). On June 21, 2010, the Court set the Rule 16 scheduling conference for August 3, 2010, intentionally allowing sufficient time for Plaintiffs to retain new counsel to become familiar with this case. (Doc. 37) The June 21, 2010 order made clear that "[i]f Plaintiffs' new counsel does not participate in the Rule 26(f) case management conference, Plaintiff Underdog Trucking, LLC may be dismissed from this litigation upon notice to the Court by Defendants. As Reggie Anders was previously informed, he may represent himself but not Plaintiff Underdog Trucking, LLC., and he must cooperate with defense counsel in preparing a joint Case Management Report." (*Id.* at 2) To date, there have been no appearances by new counsel on behalf of either Plaintiff.

      Plaintiffs Underdog Trucking, L.L.C. and Anders have been warned several times and as early as March 11, 2010, doc. 4, that if it did not retain a lawyer, appropriately licensed to practice law in Arizona and admitted to practice in this District Court, Underdog Trucking may be dismissed from this litigation.

In view of the foregoing, the Court will consider whether dismissal of Underdog Trucking is appropriate.

When considering whether to dismiss an action or a party for failure to prosecute or failure to comply with court orders, the district court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Service*, 833 F.3d 128, 130 (9th Cir. 1987) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)).

The first two dismissal factors support dismissal of Underdog Trucking from this lawsuit. Plaintiff Underdog Trucking's failure to take any action to retain counsel or participate in the Rule 26(f) case management conference since May 25, 2010 when it was ordered to *promptly* retain new counsel so that no unreasonable delay would occur in this litigation has impeded the speedy resolution of this case. *Malone*, 833 F.2d at 130; Rule 1, Fed.R.Civ.P. While the Court has given Underdog Trucking more than sufficient time to hire counsel to participate in the Rule 26(f) case management conference, it has apparently done nothing, resulting in the continuance of the Rule 16 scheduling conference. Both Plaintiffs' failure to comply with prior court orders has brought this matter to a halt. Plaintiff Underdog Trucking's disregard of prior Court orders also weighs in favor of dismissal. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Third, Underdog Trucking bears the burden of persuasion as to the reasonableness of its delay and lack of prejudice to Defendant. *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984). "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp. (In re Rubin)*, 769 F.2d 611, 618 (9th Cir. 1985)). Under Rule 41(b), Fed.R.Civ.P., a plaintiff is required to prosecute his case with reasonable diligence. *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir. 1978). Plaintiffs have not taken any action in this matter since, at least, May 24, 2010.

1 | Plaintiffs' inaction has effectively stopped this litigation indefinitely. Despite being ordered
2 | to do so, Plaintiff Underdog Trucking has not explained its disregard of the Court's orders.
3 | Under these circumstances, the Court finds that Plaintiff Underdog Trucking has not satisfied
4 | its burden of persuasion on the issue of prejudice. *Franklin*, 745 F.2d at 1232 (finding that
5 | district court did not abuse its discretion in dismissing action based on plaintiff's failure to
6 | serve process where plaintiff had failed to satisfy his burden of establishing lack of prejudice
7 | to defendants.) Fourth, the July 21, 2010 Order to Show Cause warned Plaintiffs that the
8 | Court may dismiss the matter if Plaintiff Underdog Trucking did not show cause for its
9 | failure to comply with court orders. This warning satisfies the Court's obligation to consider
10 | less drastic alternatives to dismissal. *Malone*, 833 F.2d at 132 (citations omitted). Finally,
11 | the public policy in favor of deciding cases on the merits weighs against dismissal. This
12 | factor alone, however, does not outweigh the other factors which support dismissal. *Id*. at 133
13 | n.2.

14 | After review of the foregoing factors, the Court finds that Underdog Trucking
15 | should be dismissed based on Underdog Trucking's failure to prosecute its claims and failure
16 | to comply with Court orders. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating
17 | that district courts have the authority to "control their dockets and . . . they may impose
18 | sanctions including, where appropriate . . . dismissal of a case." ) (internal quotation
19 | omitted); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (holding that district court did
20 | not abuse its discretion in dismissing *pro se* plaintiff's complaint for failure to advise the
21 | court of his current mailing address.)

22 | Accordingly,
23 | On the Court's own motion,
24 | **IT IS ORDERED** that Plaintiff Underdog Trucking, L.L.C. is **DISMISSED**
25 | from this litigation without prejudice for failure to prosecute its case and to comply with
26 | court orders.

27 | **IT IS FURTHER ORDERED** that the Rule 16 scheduling conference set for
28 | Tuesday, August 3, 2010 at 10:00 a.m. is **VACATED**. It will be reset if Plaintiff Anders'

- 4 -

1 | lawsuit remains viable.

2 | **IT IS FURTHER ORDERED** that Plaintiff Reggie Anders shall show cause
3 | in writing on or before **Thursday, August 12, 2010** why the Court should not dismiss this
4 | lawsuit without prejudice for failure to comply with court orders.

5 | Dated this 2nd day of August, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge