**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reggie Anders,<br><br>    Plaintiff,<br><br>vs.<br><br>Arizona Federal Credit Union; Western International,<br><br>    Defendants. | No. CV-10-0521-PHX-LOA<br><br>**ORDER** |

In its August 3, 2010 order, the Court ordered that Plaintiff Reggie Anders, or his attorney, if any, must show cause in writing on or before **Thursday, August 13, 2010** why the Court should not dismiss this lawsuit "for failure to prosecute his case and comply with prior court orders and promptly contacting both defense counsel by either telephone or email and making firm plans with them to confer and conduct a Federal Rule of Civil Procedure 26(f) case management conference . . . ." (Doc. 45)

Plaintiff has failed to timely respond in writing and comply with the Court's August 3, 2010 Order. In view of repetitive Plaintiff's non-compliance with court's orders, the Court will dismiss Plaintiff's Complaint.

"Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)). Because a district court has the inherent power to control its docket, it may exercise

that power by imposing sanctions including, where appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Anheuser-Busch, Inc. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in expeditious resolution of litigation," district court's need to manage its docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the merits, availability of lesser sanctions, bad faith of violating party, relationship between conduct and merits); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party, prejudice to other party, history of dilatory conduct, willfulness or bad faith, other sanctions, merits of claim or defense).

In determining whether to dismiss a case for failure to comply with court orders, district courts consider and weigh five factors: (1) the public interest; (2) the district court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61. Additionally, Plaintiff's failure in this case to comply with court orders is frustrating the court's responsibilities mandated by Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to secure the just, *speedy*, and inexpensive determination of every action.") (emphasis added), and by the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, such as, "setting early, firm trial dates, such that the trial is scheduled to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28 U.S.C. §473(a)(2) (emphasis added). A *pro se* plaintiff's status does not discharge his obligation to "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

This lawsuit was filed on March 8, 2010, over five months ago. To date, the Court has not conducted the Rule 16 scheduling conference because Plaintiff has not cooperated with defense counsel by participating in a Federal Rule of Civil Procedure 26(f) case management conference as ordered on June 21, 2010. (Doc. 37 at 2) After considering and weighing all five *Ferdik* factors to determine if dismissal is appropriate due to Plaintiff's failure to comply with the Court's prior orders and Plaintiff's abandonment of this case, the

Court concludes that the lesser sanction of dismissal of Plaintiff's Complaint *without* prejudice is appropriate and just under the circumstances.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without prejudice. The Clerk is kindly directed to terminate this case.

Dated this 17th day of August.

Lawrence O. Anderson
United States Magistrate Judge